# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2023

Lyle W. Cayce
Clerk

No. 23-10707

SECOND AMENDMENT FOUNDATION INCORPORATED, *Et al.*,

*Plaintiffs*,

THE NATIONAL RIFLE ASSOCIATION OF AMERICA,
INCORPORATED

*Movant—Appellant*,

*versus*

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES;
STEVEN DETTELBACH, *in his official capacity as Director of the Bureau of Alcohol Tobacco Firearms and Explosives*;
UNITED STATES DEPARTMENT OF JUSTICE;
MERRICK GARLAND, *U.S. Attorney General*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-116

No. 23-10707

Before Chief Judge Richman, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

The National Rifle Association of America (NRA) moved to intervene in this litigation challenging a recent ATF Rule regulating pistol braces. 88 Fed. Reg. 6478 (Jan. 31, 2023). The district court denied intervention as of right or permissively. Finding no reversible error of law or fact and no abuse of discretion, we AFFIRM in part and DISMISS in part.

Because the parties are well aware of this appeal's genesis, we recount basics. NRA's motion was filed after the district court had granted a preliminary injunction barring enforcement of the rule pending this court's resolution of *Mock v. Garland,* 785 F.4th 563 (5th Cir. 2023). The district court found NRA's motion untimely and also held that the current plaintiff, Second Amendment Foundation (SAF), adequately represented NRA's interests.

This court has appellate jurisdiction over an order denying intervention as of right, which is a final order pursuant to 28 U.S.C. § 1291. However, we have only "provisional jurisdiction" over orders denying permissive intervention. *Rotstain v. Mendez,* 986 F.3d 931, 942 (5th Cir. 2021). If the court holds the district court did not abuse its discretion, it "must dismiss the appeal for lack of jurisdiction." *Edwards v. City of Houston,* 78 F.3d 983, 992 (5th Cir. 1996)(en banc). NRA bears the burden to prove its entitlement to intervene. *Rotstain,* 986 F.3d at 937.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-10707

NRA first seeks intervention as of right, which occurs if the applicant files a timely motion, "claims an interest relating to the property or transaction that is the subject of the action," is situated such that the action's disposition may practically impair his ability to protect his interest, and is "inadequately represented" with respect to his interest by existing parties. FED. R. CIV. P. 24(a)(2).

The district court did not err in concluding that NRA has failed to show that SAF does not adequately represent NRA's interest in this litigation. This court holds that a "presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. In such cases, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Edwards,* 78 F.3d at 1005. "In order to show adversity of interest, an intervenor must demonstrate its interests diverge from the putative representative's interests in a manner germane to the case." *Texas v. United States,* 805 F.3d 653, 662 (5th Cir. 2015). SAF and NRA filed nearly identical claims and seek identical relief. Moreover, that SAF sought interim relief only as to its members does not diverge from the ultimate relief both parties desire: vacatur of the entire rule (which benefits all potential plaintiffs). Because NRA has not shown that SAF's tactics are materially adverse to NRA's interests, much less that collusion or nonfeasance occurred, this required element of intervention of right is not satisfied. We need not further analyze the district court's reasoning on this issue. Claimed intervention as of right fails.

Similarly, we conclude that the district court did not "clearly" abuse its discretion in denying permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B); *see Edwards,* 78 F.3d at 995. The only requirements for permissive intervention are timely application and commonality of fact or legal issues between the would-be intervenor and a

party. FED. R. CIV. P. 24(b)(1)(B). But the ultimate decision is highly discretionary with the district court. We have already noted that NRA failed to prove that SAF would not adequately represent NRA's interests. Although minimal prejudice would accrue to the current parties if intervention were approved, NRA's participation will not "contribute to the full development of the underlying factual issues." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 472 (5th Cir. 1984). Nor is NRA unable to file its own suit against ATF: that very case is pending before another judge in the same federal district court. *See Korioth v. Brisco,* 523 F.2d 1271, 1279 (5th Cir. 1975).

For these reasons, we AFFIRM the denial of intervention as of right and DISMISS the denial of permissive intervention. AFFIRMED IN PART, DISMISSED IN PART.